UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA and COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA** | CIVIL CASE NO._____ |
| VS. | JUDGE _____ |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | MAGISTRATE JUDGE _____ |

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA and COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA (hereinafter collectively referred to as "Covenant,") which respectfully represent:

1.

Made Defendant herein:

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester,")** a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

(a) Plaintiff FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA is a non-profit religious corporation formed under the laws of the State of

Louisiana with its domicile and principal place of business in Louisiana. Plaintiff FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA is a citizen of the State of Louisiana.

(b) Plaintiff COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA is a non-profit corporation formed under the laws of the State of Louisiana with its domicile and principal place of business in Louisiana. Plaintiff COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA is a citizen of the State of Louisiana.

(c) On information and belief, Westchester is a corporation organized under the laws of the State of Georgia with its principal place of business in the State of Pennsylvania. Under 28 U.S.C. § 1332(c)(1), Westchester is considered both a citizen of Georgia due to its incorporation there and a citizen of Pennsylvania due to the location of its principal place of business.

(d) As Plaintiffs are citizens of Louisiana and Defendant is a citizen of Pennsylvania and Georgia, complete diversity between all parties exists. Further, the amount in controversy exceeds $75,000 exclusive of interest and costs. As such, jurisdiction is proper under 28 U.S.C. § 1332(a).

4.

The amount in controversy exceeds $75,000.00.

5.

Westchester issued the policy of insurance upon which this suit is based to Covenant, insuring its church and school property located at 4863 West Park Avenue and 144 Rue Des Affaires in Houma, Louisiana. This Court has personal jurisdiction over Westchester.

**CAUSES OF ACTION**

6.

Westchester insured Covenant under policy number MMF16315254 001, which was in full force and effect on both August 29, 2021 and September 15, 2021.

7.

Covenant's church and school property suffered damage and diminution in value as a result of Hurricane Ida on August 29, 2021 and Hurricane Nicholas on September 15, 2021.

8.

On or about September 29, 2021, Westchester inspected the loss from Hurricane Ida and determined that the total damage to Covenant's church and school property was $1,085.63 after accounting for hurricane deductible and depreciation. That number did not take into account the full extent of Covenant's hurricane losses.

9.

Westchester's adjustment was unreasonably low, was unrealistic, and gave Plaintiffs no opportunity to conduct the repairs needed to return the properties to pre-hurricane condition.

10.

As a result of Westchester's bad faith adjusting, Plaintiffs retained Charles Norman, engineer, to perform a structural inspection of the church and school to determine the full scope of damages caused by Hurricanes Ida and Nicholas. The inspections were completed on January 10, 2022 and it was determined that both the church building and the school are substantially damaged and will require major repairs at significant cost.

11.

Once the findings of Charles Norman's inspections were revealed, Plaintiffs hired Susan Lewis to inspect the school and GLS & Associates to inspect the church property to determine the cost to repair the properties. Plaintiffs also engaged Booth Environmental to determine moisture levels in both buildings and Ducote Consulting to perform inspections of all electronics in both buildings.

12

The estimate to repair the church and return it to pre-loss condition written by GLS & Associates totaled $2,686,111.78. The estimate to repair the school and return it to pre-loss condition written by Susan Lewis totaled $2,590,942.91.

13.

Further, Booth Environmental found the presence of elevated and/or abnormal levels of mold groups that resulted from covered losses including but not limited to *Cladosporium*, *Aspergillus*, *Penicillium*, *Trichoderma*, *Epicoccum*, *Pithomyces*, *Curvularia*, *Stachybotrys* requiring mold and moisture remediation.

14.

Ducote Consulting's inspection revealed $591,138.17 in damaged contents resulting from Hurricanes Ida and Nicholas, falling under Business Personal Property coverage.

15.

The estimates prepared by GLS & Associates and Susan Lewis, along with Engineering Review and Analysis prepared by Charles Norman, P.E., an inspection report prepared by Ducote Consulting, and a Mold and Moisture Damage Assessment prepared by Booth Environmental were provided to Westchester and constitute satisfactory proof of Covenant's losses.

16.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." Westchester failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making it liable to Covenant for penalties, attorney's fees, and costs under La. R.S. 22:1892. Westchester had satisfactory proof of loss upon its initial inspections of the

premises, yet unreasonably withheld accurate and defensible accountings of the full extent of the damages caused by Hurricanes Ida and Nicholas. Additionally, Westchester failed to provide Plaintiffs with an estimate on six of the properties after it adjusted these claims which is further proof of its bad faith.

17.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach of the insurer's duty of good faith and fair dealing. Westchester has violated its statutory obligation and duty in its dealings with Covenant.

18.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Westchester is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Westchester has misrepresented pertinent facts and insurance policy provisions in its dealings with Covenant by representing that the original estimates were a fair estimate of the damages.

19.

Westchester's failure to fairly and promptly adjust the full extent of Covenant's claim has caused contractual and extra-contractual damages including but not limited to damaged commercial property and business personal property, grief and mental anguish to Covenant's staff, worry, and stress from dealing with the insurance claim, concern over whether there would be sufficient funds to repair the property and additional time delays associated with repairing the

property. These damages, and others associated with those that were caused by Westchester's delay, render it liable to Covenant for its attorney's fees and costs.

20.

Westchester knew or should have known that its failure to timely pay Covenant's insurance claims prevented it from repairing and using its commercial property, and should have known that its failure to pay Covenant's insurance claims would cause it significant damages.

21.

WHEREFORE, FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA and COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA pray that there be judgment in its favor against WESTCHESTER SURPLUS LINES INSURANCE COMPANY as follows:

(1) Finding WESTCHESTER SURPLUS LINES INSURANCE COMPANY liable to FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA and COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding it the same;

(2) Awarding FIRST BAPTIST CHURCH OF HOUMA, LOUISIANA d/b/a COVENANT CHURCH HOUMA and COVENANT CHRISTIAN ACADEMY OF HOUMA, LOUISIANA consequential damages caused by WESTCHESTER SURPLUS LINES INSURANCE COMPANY's breach of its duty of good faith and fair dealing;

(3) For specific damages including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4) For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP

/s/ Matthew E. Lundy
Matthew E. Lundy (#18988) (T.A.)
T. Houston Middleton, IV (#33281)
Nicholas J. Kohrs (#33926)
Gary L. Blanchard (#39805)
501 Broad Street (70601)
P.O. Box 3010
Lake Charles, LA 70602-3010
(337) 439-0707 - Telephone
(337) 439-1029 – Facsimile
*Attorneys for the Plaintiffs, First Baptist Church of Houma, Louisiana d/b/a Covenant Church Houma and Covenant Christian Academy of Houma, Louisiana*

**SERVICE INSTRUCTIONS:**

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809